ALLIE E. NICHOLSON, EXECUTRIX, ESTATE OF W. C. VAN HOOZER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 24204. Promulgated December 18, 1930.

*A. H. Murray, Esq.*, for the respondent.

796

OPINION.

VAN FOSSAN: The petitioner asserts as her first allegation of error that the respondent valued the real estate belonging to the estate of W. C. Van Hoozer at the figures contained in the original appraisement of the estate and refused to reduce the value of such property to the amounts contained in the order of the probate court dated December 24, 1925. Since this Board is not bound by the finding of the probate court as to an issue of fact (*Charles L. Suhr*, 4 B. T. A. 1198; *Guaranty State Bank of Greenville, Tex.*, 12 B. T. A. 543; *City National Bank of Dallas, Executor*, 16 B. T. A. 719), this issue must be determined on the basis of all the evidence before us.

The court records showing the amount of the original appraisal and the later figures determined by the court are in evidence but no witnesses were presented in support of either. We have, therefore, no direct testimony by which to judge the relative correctness of the two appraisals. In this circumstance we must look to the circumstances under which they were made. The first appraisal was made in the ordinary course of administration of the estate and on its face purports to be a true and correct inventory of the estate of decedent with the appraised value of each item. The report was submitted by the executrix over her oath. Appended is the certificate of the three disinterested parties who made the appraisal and set down opposite each item " the value thereof in money as by us determined." The values so fixed and approved by the court were adopted by the respondent as the basis for the estate-tax return. Thereafter, the respondent determined the deficiency in taxes and fixed certain penalties. After respondent made a jeopardy assessment of the tax determined by him, petitioner filed a motion in the court of probate to reopen the estate in the form set out in our findings of fact. In due time the court entered an order reopening the estate and proceeded to find new values for certain items, resulting in a reduction of $38,261 in the total value of the estate. Thus we have two values fixed by the same court, one in ordinary course and the second after

the tax controversy arose, the latter contained in an order admittedly initiated for the purpose of defeating or reducing the estate tax.

The evidence before us is not sufficient to overcome the correctness of the respondent's determination on this issue. We have no primary evidence, no witness appeared who could testify to the incorrectness of the first, or the correctness of the second appraisal. The proof by which the court was persuaded to lower the values originally fixed is not before us. We have, in short, nothing but two conflicting values of the same estate. The first, supported by the certificate of the appraisers, made in due course. The second, initiated by the desire to reduce taxes.

The burden of proving error rests on petitioner. If the evidence is in equipoise she fails. Certainly there is no clear preponderance either of evidence or of probabilities in her favor. The respondent's determination of value will not be disturbed.

Section 403 (a)(1) of the Revenue Act of 1918, provides, in part, as follows:

That for the purpose of the tax the value of the net estate shall be determined—

(a) In the case of a resident, by deducting from the value of the gross estate—

(1) Such amounts for funeral expenses * * * and such amounts reasonably required and actually expended for the support during the settlement of the estate of those dependent upon the decedent, as are allowed by the laws of the jurisdiction, whether within or without the United States, under which the estate is being administered, but not including any income taxes upon income received after the death of the decedent, or any estate, succession, legacy, or inheritance taxes.

The amounts set forth in the findings of fact aggregating $9,380 were reasonably required and actually expended by the executrix for the support of herself and minor children during the settlement of the estate and were allowed by the probate court under the laws of the State of Oklahoma. Therefore, such amounts are proper deductions from the value of the gross estate of the decedent. *Fred Wolferman, Executor*, 10 B. T. A. 285.

The commissions due to the executrix for her services as such were not claimed in her original final report but were asked for in her supplemental report and were allowed by the order of the probate court dated February 5, 1926. The commissions allowed are within the limit prescribed in section 1323, Compiled Statutes of Oklahoma, 1921. They are reasonable and we are of the opinion that they should be allowed as deductions whether paid to the administratrix or not. *Samuel E. A. Stern et al., Executors*, 2 B. T. A. 102; *Leonard Holden Vaughan, Coexecutor*, 10 B. T. A. 140; *Charles B. Power et al., Executors*, 11 B. T. A. 1313; *Jessie Gair Sweeney,*

*Executrix*, 15 B. T. A. 1287; *Hiram S. Norton et al., Executors*, 16 B. T. A. 1115.

Proper adjustment should be made to correct the error of $46.14 made by the respondent in crediting the amount paid on March 13, 1926, by the petitioner as tax and interest.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

SMITH and LOVE dissent.